UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-cv-01611-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| INES CROSBY, et al., | |
| Defendants. | |

This matter is before the court on plaintiffs' motion for discovery. ECF No. 27. The parties submitted the required joint statement. ECF No. 31. The matter was taken under submission and heard on the papers. ECF No. 30.

## I. Introduction

The United States brought this case to void and set aside the Deed of Trust that Ines Crosby executed and recorded against her real property, 6245 County Road, Orland, California 95963, in favor of her nephew, Kyle M. Lohse, through the Defense Fund Trust as fraudulent as to a debt of the United States under the Federal Debt Collection Procedures Act of 1990 ("FDCPA"). ECF No. 31 at 1-2. The United States alleges that the Deed of Trust was both an actual fraudulent transfer (§ 3304(b)(1)(A)) and a constructive fraudulent transfer (§ 3304(b)(1)(B)(ii)), which fully encumbers Crosby's real property, leaving no equity available for other creditors, including Crosby's victims who are owed over $2 million in restitution. Id. at 2.

1

Defendants Crosby, Lohse, and Ringer deny that the Deed of Trust is a fraudulent transfer and have asserted that they are good faith transferees under § 3307 of the FDCPA.  Id.

## II.     Analysis

The parties in this matter have engaged in meet and confer efforts but have been unable to come to full agreements with respect to two discovery issues: (1) plaintiff's objections to Kyle M. Lohse's responses to requests for admission 10 and 11, and (2) plaintiff's objections to the privilege logs submitted by defendants Kyle Lohse and Bill Ringer.  ECF No. 31 at 2-6.  The parties have reached a partial stipulation with respect to the privilege log issue.

### A.  Privilege Log

The parties agree that before the adequacy of the privilege logs can be fully assessed by plaintiff or the court, the court must determine whether defendant Lohse's agreement with a third party, Personal Management Consultants ("PMC"), delegates authority to PMC to coordinate with, seek legal advice from, and communicate with Lohse's attorneys, as his agent.  The parties state that resolution of this issue will allow the parties to address concerns regarding the adequacy of the privilege log, ideally without further court intervention.  This stipulation is APPROVED, and defendants will be required to produce a copy of the agreement between Lohse and PMC, with relevant portions highlighted, to the court within 14 days of this order.  A subsequent order regarding the court's determination will follow.

### B.  Requests for Admission

The parties dispute the adequacy of two of defendant Lohse's responses to requests for admission.  Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions, which allow any party to ask any other party to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1).  Per the Rule, the responding party's answer should either admit or "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. . . . An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."  Id.  "A party may not

2

avoid responding based on technicalities." U.S. ex rel. Englund v. Los Angeles County, 235 F.R.D. 675, 684 (E.D. Cal. 2006).  The requests and responses at issue are as follows:

1. Request for Admission 10

The first disputed request and objection reads as follows:

> REQUEST FOR ADMISSION NO. 10:
>
> Admit that, prior to the Deed of Trust, the Property had no mortgages, liens or encumbrances recorded against it.
>
> RESPONSE TO REQUEST FOR ADMISSION NO. 10:
>
> Responding Party objects to this Request as vague and overbroad as to time. As phrased, this Request is unintelligible. Assuming Propounding Party intends that the Property had no mortgages, liens or encumbrances at the time of the Deed of Trust, Responding Party alleges as follows: Responding Party has made a reasonable inquiry and that the information Responding Party knows or can readily obtain is insufficient to enable Responding Party to admit or deny, and on that basis denies.

ECF No. 31 at 2.

Plaintiff argues that defendant's objections are improper because defendant failed to make a "reasonable inquiry" before responding; specifically, plaintiff asserts that if defendant did not personally have the necessary information, the information is available form defendant Lohse's aunt, who is the property owner.  ECF No. 31 at 3.  Defendant asserts his response is code-compliant and that he has no obligation to call his aunt or uncle for the information.  Id. Defendant goes on to argue that even if he did call his aunt uncle, he could not admit or deny the request based on their response, but would require documentation.  Id.

The court agrees with plaintiff that the response is inadequate.  "Reasonable inquiry' is limited to persons and documents within the responding party's control (e.g., its employees, partners, corporate affiliates, etc.).  It does not require the responding party to interview or subpoena records from independent third parties in order to admit or deny a Request for admission."  U.S. ex rel. Englund, 235 F.R.D. at 685.  However, "the responding party's simple statement that he or she has made a 'reasonable' inquiry and is unable to admit or deny the request because insufficient information is available *may not suffice* as an answer to the request for admission.  Moreover, the fact that the party has not done so may be asserted as a basis for

3

1  challenging the response." Id. (emphasis added).  Based on the briefing of the parties, it does not
2  appear that plaintiff made even cursory attempts to obtain the necessary information from his
3  family members.  Though plaintiff is not required to go so far as to issue subpoenas, the effort
4  extended in this case falls, in the undersigned's estimation, below the applicable standard of
5  reasonableness.  As such, the motion to compel is GRANTED and plaintiff is ordered to make a
6  reasonable effort to obtain the necessary information and respond to the request for admission.

        2.  Request for Admission 11

The second disputed request and objection reads as follows:

REQUEST FOR ADMISSION NO. 11:

> Admit that the Deed of Trust caused the Property to become fully encumbered.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

> Responding Party objects to this Request as it calls for the premature disclosure of expert opinion.

ECF No. 31 at 2-3.

Plaintiff asserts that defendant's objection is improper because no expert has been designated to opine on this subject and defendant should be able to answer based on the information he had when he decided to give a loan to his family members.  ECF No. 31 at 3.  Defendant argues that "[f]ully encumbered is a term used in the banking and residential markets.  Determining whether the subject property was fully encumbered would necessarily require an expert's opinion."  Id.  Neither party cited any caselaw or submitted a substantive explanation to support their position.  Defendant's conclusory argument that because the term "fully encumbered" is a technical term the Request necessarily calls for an expert opinion is unsupported, and the court is not persuaded.  Thus, the motion to compel is GRANTED and defendant is ordered to answer the request or have it deemed admitted.

### III.   Conclusion

For the reasons explained above, it is hereby ordered as follows:

    a. Plaintiffs' motion to compel responses to Requests for Admission 10 and 11 is GRANTED and defendants are required to provide revised responses within 14

4

days of this Order; and

    b. The parties' stipulation with respect to review of defendants' privilege logs is GRANTED, and defendants are ORDERED to produce a copy of the agreement between Lohse and PMC, with relevant portions highlighted, to the court within 14 days of this order for in camera review.  A subsequent order regarding the court's determination will follow.

IT IS SO ORDERED.

DATED: October 4, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE