UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:22-cv-01611-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Ines Crosby, et al., | |
| Defendants. | |

In this action under the Federal Debt Collection Procedures Act, the United States seeks to set aside a deed of trust as a fraudulent transfer. The parties have filed cross motions for summary judgment. The court **denies** both motions.[1]

**I.   BACKGROUND**

The following facts are undisputed unless otherwise noted. On January 5, 2017, a grand jury charged defendant Ines Crosby, her son and her sister (collectively "criminal defendants") with serious crimes including embezzling millions of dollars from a tribal organization and violating federal tax laws. *See* Indictment, *United States v. Crosby*, No. 17-00006 (E.D. Cal.

---

[1] The court **overrules** defendants' boilerplate evidentiary objections and objections challenging authenticity of certain evidence. *See* Evid. Objs., ECF No. 38-3; *see also City of Lincoln v. County of Placer*, 668 F. Supp. 3d 1079, 1086–87 (E.D. Cal. 2023).

1

Jan. 5, 2017), ECF No. 1.[2] Two weeks after the indictment, on January 18, 2017, Crosby's nephew, Kyle Lohse created a Defense Fund Trust, Crosby Ans. ¶ 1, ECF No. 8;[3] Lohse & Ringer Ans. ¶¶ 10–11, ECF No. 9; Ringer Decl. ¶¶ 3–4, ECF No. 36-3; Defense Fund Trust, Ringer Decl. Ex. 1, ECF No. 36-3, and agreed to lend $750,000 to help fund his family's legal defense, Linger Decl. ¶ 3. Kyle Lohse is the settlor and Bill D. Ringer is the trustee of the Trust. *See* Defense Fund Trust at 7–8.[4] That same day, Kyle Lohse directed Ringer to pay $750,000 to the law firm Keker, Van Nest & Peters, LLP, with payment deposited in the firm's client trust account, as stipulated by an agreement between the firm and Ines Crosby. *See* Ringer Ex. 1 at 9–10; Gov't Ex. B, ECF No. 37-3.

On January 20, 2017, the Trust entered into a contract, the Irrevocable Commitment to Lend, with the criminal defendants. Ringer Decl. ¶ 5; Irrevocable Commitment to Lend, Ringer Decl. Ex. 2. Under the agreement, the Lender—the Trust—irrevocably committed to lend the criminal defendants "an amount not to exceed $750,000" to help with their legal defense in the underlying criminal proceeding. Irrevocable Commitment to Lend. In return, the three criminal defendants and two additional family members executed a Secured Promissory Note in favor of the Lender. Ringer Decl. ¶ 6; Secured Promissory Note, Ringer Decl. Ex. 3. The parties secured the Note by deeds of trust against four properties, including the property at issue (Property). Secured Promissory Note at 20; Ringer Decl. ¶¶ 6–7. Ines Crosby granted a $1,000,000 deed of trust against the Property to secure the payment of the Note. *See* Deed of Trust, Ringer Decl. Ex.

---

[2] The court takes judicial notice of the existence of the indictment and other filings and docket entries in the criminal case, and thus grants defendants' request for judicial notice. *See* Req. Judicial Notice, ECF No. 36-5; *see also Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (court "may take judicial notice of undisputed matters of public record" including documents filed in other courts).

[3] Defendants' objections to Ines Crosby's answer are **overruled**. SUF ¶¶ 2, 7, 15–16, ECF No. 38-1; *see* Fed. R. Civ. P. 56(c)(1)(A); *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Defendants have not provided any authority suggesting the court may not consider a defendant debtor's judicial admission in the underlying case to determine whether that defendant made a fraudulent transfer. To the extent defendants raise hearsay objections, the court **overrules** those objections because the United States could present the same evidence in an admissible form at trial. *See, e.g., Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003).

[4] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1  5. The Glenn County Recorder's Office recorded the deed of trust encumbering the Property on
2  May 30, 2017.  Ringer Decl. ¶ 10; Deed of Trust.  The Trust then transferred the loan proceeds
3  directly to the Keker law firm. Ringer Decl. ¶ 8; Ringer Decl. Ex. 4.

    On September 14, 2022, the United States filed a complaint against defendants Ines
Crosby, Kyle Lohse, First American Title Company, First American Title Insurance Company
and Bill Ringer.  Compl., ECF No. 1.  The United States claims the deed of trust granted against
the Property was a fraudulent transfer under 28 U.S.C. § 3304(b)(1)(A) (claim 1) and
§ 3304(b)(1)(B)(ii) (claim 2) and requests the court set aside the deed of trust as necessary to
satisfy the United States' judgment against Ines Crosby in the underlying criminal case.  *See
generally id.*  Defendants Lohse and Ringer move for summary judgment on both claims.  *See*
Defs. Mot., ECF No. 36; Defs. Mem., ECF No. 36-1.  The United States initially moved for
summary judgment on its first claim, Gov't Mot, ECF No. 37; Gov't Mem., ECF No. 37-1, but
now seeks summary judgment on both claims, *see* Gov't Opp'n at 14, ECF No. 39.  Both motions
are fully briefed.  *See* Defs. Opp'n, ECF No. 38; Gov't Opp'n; Defs. Reply, ECF No. 40; Gov't
Reply, ECF No. 41.  The court held a hearing on these motions on January 26, 2024.  Mins. Hr'g,
ECF No. 42.  Lynn Ernce appeared for the government.  *Id.*  Daniel Egan and Jason Eldred
appeared for defendants.  *Id.*

**II.  LEGAL STANDARD**

    Summary judgment is appropriate if "there is no genuine dispute as to any material fact
and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The "threshold
inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a
finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v.
Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

**III.  DISCUSSION**

    Here, because several genuine disputes of material fact remain unresolved, the court
cannot grant summary judgment in favor of either party.

    First, it is disputed whether Ines Crosby made the transfer in question with an actual intent
to hinder, delay or defraud the United States.  *See* 28 U.S.C. § 3304(b)(1)(A).  In determining

actual intent, the court may consider the enumerated factors in § 3304(b)(2).  These factors are not exhaustive, *see United States v. Preston*, 123 F. Supp. 3d 93, 102 (D.D.C. 2015); they mirror "badges of fraud" in fraudulent transfer cases under section 548(a)(1) of the Bankruptcy Code, *see In re Acequia, Inc.*, 34 F.3d 800, 805–06 (9th Cir. 1994) (noting it is "often impracticable" to show actual intent with direct evidence and thus relying on circumstantial badges of fraud to show actual intent).  The court finds the government has established several of the enumerated factors in § 3304(b)(2):

1) The transfer was made to an insider.  *See* Crosby Ans. ¶ 1; Lohse & Ringer Ans. ¶ 10; *see also* 28 U.S.C. § 3304(b)(2)(A).
2) Crosby retained possession or control of the Property after the transfer.  *See* Crosby Ans. ¶ 15; *see also* 28 U.S.C. § 3304(b)(2)(B).
3) Crosby was indicted shortly before the transfer.  *See* Indictment; Irrevocable Commitment to Lend; *see also* 28 U.S.C. § 3304(b)(2)(D).
4) The transfer was of substantially all of Crosby's assets.  *See* Crosby Ans. ¶ 17; *see also* 28 U.S.C. § 3304(b)(2)(E).
5) Crosby became insolvent after the transfer.  *See* Crosby Ans. ¶ 19; Financial Disclosures, Gov't Exs. F, G; *see also* 28 U.S.C. § 3304(b)(2)(I).

Although some courts have granted summary judgment when several of these factors are met, *see, e.g.*, *United States v. Schippers*, 982 F. Supp. 2d 948, 953 n.4, 971 & n.16 (S.D. Iowa 2013) (collecting cases), this court cannot conclude the transfer here was actually fraudulent as a matter of law simply because a certain number of badges of fraud are present, *see, e.g.*, *id.* at 953 n.4, 970–71 & n.15 (collecting cases).  Nor can the court conclude the government cannot prove actual fraud as a matter of law.  In addition to the badges of fraud the government has established, other factors could also weigh in favor of the government.  At the time of her indictment and subsequent transfer, Crosby was charged with embezzling millions of dollars from the Tribe and should have been aware she was potentially facing a large restitution judgment.  Crosby did not disclose the transfer to the United States nor to the court in her financial disclosures in connection with her criminal case.  *See* Financial Disclosures.  The government also suggests Kyle Lohse

intentionally concealed his role as a lender. *See* Gov't. Ex. A, ECF No. 37-3. Here, the established badges of fraud and the timing and circumstances surrounding the transfer could lead reasonable minds to conclude Crosby had an actual intent to hinder, delay, or defraud the United States.

At the same time, it is undisputed Cosby obtained private legal counsel in the underlying criminal case in exchange for the deed of trust, and the transfer was made five years before she incurred significant debt. *See* Deed of Trust (granted 2017); Mins. Restitution Hr'g, *United States v. Crosby*, No. 17-00006 (E.D. Cal. Apr. 19, 2022), ECF No. 178 (restitution ordered in 2022); Irrevocable Commitment to Lend. The circumstances could lead reasonable minds to conclude the transfer was a bona fide transaction made to secure legal counsel.

Second, it is disputed whether Crosby received reasonably equivalent value in exchange for the transfer. *See* 28 U.S.C. § 3304(b)(1)(B). Regardless of the passage of time between the signing of the Note and recording of the Deed of Trust, around four months, the relevant inquiry is what Crosby as the debtor surrendered and received. *See In re United Energy Corp.*, 944 F.2d 589, 597 (9th Cir. 1991); *see also United States v. Loftis*, 607 F.3d 173, 177 (5th Cir. 2010). Here, Crosby received legal services from the law firm Keker, Van Nest & Peters, LLP in exchange for the deed of trust against the Property. Crosby herself did not receive the $750,000; the entire amount went straight to the Keker firm. *See* Ringer Decl. Ex. 1 at 9–10. The court finds there is a triable issue of fact regarding whether the legal services Cosby received from Keker were reasonably equivalent to the value of the deed of trust. *See United States v. Crocker*, No. 02-803, 2005 WL 8161488, at *7 (D. Ariz. Sept. 23, 2005) ("Whether a person gives reasonably equivalent value for a transfer is largely a question of fact."); *cf. Morris v. Holder*, No. 11-783, 2012 WL 3292900, at *7 (M.D. Ala. Aug. 10, 2012) (no reasonably equivalent value when plaintiff could not show evidence establishing value of retained counsel was worth value of property transferred).

Because the court finds there are genuine disputes of material fact, the court **denies** summary judgment with respect to both the government's actual and constructive fraud claims.

### IV.   CONCLUSION

For the reasons above, the court **denies** both parties' motions for summary judgment. In light of the expiration of the dispositive motion deadline, **a final pretrial conference is set for September 13 , 2024, at 10:00 a.m. in Courtroom 3 (KJM) before Chief District Judge Kimberly J. Mueller.** *See* E.D. Cal. L.R. 282.  The parties shall meet and confer and file a joint pretrial statement no later than **three weeks prior** to the **final pretrial conference**.

The provisions of Local Rule 281 shall apply with respect to the matters to be included in the joint pretrial statement.  At least one of the attorneys who will conduct the trial for each of the parties shall attend the final pretrial conference.  All motions in limine must be filed in conjunction with the joint pretrial statement.  In most cases, motions in limine are addressed and resolved on the morning of the first day of trial.  The parties may alert the court at the final pretrial conference and in their final joint pretrial statement that a particular motion or motions should be resolved earlier.  At the final pretrial conference, the court will set a briefing and hearing schedule on the motions in limine as necessary.  The parties are reminded that a motion in limine is a pretrial procedural device designed to address the admissibility of evidence.  The court looks with disfavor upon dispositional motions presented at the final pretrial conference or at trial in the guise of motions in limine.

In the meantime, if the parties jointly agree to referral to a court-convened settlement conference with another judge of the court, they may file such request in writing.

This order resolves ECF Nos. 36 and 37.

IT IS SO ORDERED.

DATED: July 31, 2024.

CHIEF UNITED STATES DISTRICT JUDGE